In a shareholders’ derivative action to recover damages for breach of fiduciary duty, the defendants Michael Kordonsky, Alex Sulava, Israil Yakobzon, Michael Levin, David Goldstein, Alan Fishman, and Boris Manelis appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Demarest, J.), dated March 27, 2007, as denied those branches of their motion which were pursuant to CFLR 3211 (a) (7), CPLR 3013, and Business Corporation Law § 626 (c) to dismiss the first, second, third, fourth, fifth, and seventh causes of action insofar as asserted against them.
Ordered that the order is affirmed insofar as appealed from, with costs.
The plaintiffs, shareholders of Dial Car, Inc. (hereinafter Dial), commenced the instant shareholders’ derivative action against Dial and the individual directors of Dial’s Board of Directors (hereinafter the Board). The plaintiffs alleged that the Board breached its fiduciary duty to Dial by engaging, inter alia, in fraud, coercion, extortion, threats, and conversion against Dial and its shareholders. The plaintiffs alleged that the Board, among other things, demanded illegal kickbacks from its shareholders and third-party vendors, skimmed corporate funds, and falsified grievances against shareholders who disagreed with their tactics.
The Board moved, inter alia, pursuant to CPLR 3211 (a) (7) and 3013 and Business Corporation Law § 626 (c) to dismiss the first, second, third, fourth, fifth, and seventh causes of action insofar as asserted against it on the ground that the plaintiffs had failed to plead with particularity why it would have been futile to secure the initiation of the action through the Board. *735 In a shareholders’ derivative action a complaint must set forth with particularity the plaintiffs efforts to secure the initiation of such action by the board of directors or the reasons for not making such effort (see Business Corporation Law § 626 [c]). “Demand is futile, and excused, when the directors are incapable of making an impartial decision as to whether to bring suit” (Bansbach v Zinn, 1 NY3d 1, 9 [2003]).
Here, the plaintiffs alleged particularized facts in their amended complaint that each member of the Board either had a self-interest in the challenged transactions or had lost independence to and was controlled by a self-interested director (id.; Marx v Akers, 88 NY2d 189, 200-201 [1996]). Accordingly, those branches of the Board’s motion which were pursuant to CPLR 3211 (a) (7) and 3013 and Business Corporation Law § 626 (c) to dismiss the first, second, third, fourth, fifth, and seventh causes of action insofar as asserted against it were properly denied.
The Board’s remaining contentions are without merit. Skelos, J.E, Angiolillo, Balkin and Chambers, JJ., concur. [See 2007 NY Slip Op 30528CU).]